# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DICENA HOLLOWAY,

      Plaintiff,

v.   Case No. 6:21-cv-732-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

      Defendant.
_____/

## OPINION AND ORDER[2]

### I.   Status

Dicena Holloway ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of degenerative disc disease, arthritis of the right shoulder, arthritis in the lower back, fibromyalgia, and

---

[1]   Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]   The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 22), filed June 23, 2021; Order (Doc. No. 23), entered June 23, 2021.

knee issues. Transcript of Administrative Proceedings (Doc. No. 29; "Tr." or "administrative transcript"), filed August 16, 2021, at 152, 163, 185, 205, 358.

On March 15, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 5, 2017 in the DIB application and June 23, 2016 in the SSI application.[3] Tr. at 320-24 (DIB), 325-31 (SSI). The alleged onset disability date was later changed for both applications to December 22, 2018, on which date Plaintiff's "condition got worse." Tr. at 393 (emphasis omitted). The applications were denied initially, Tr. at 152-62, 174, 176, 178, 234-40 (DIB); Tr. at 163-73, 175, 179, 181, 241-47 (SSI), and upon reconsideration, Tr. at 182, 184-203, 224, 226, 249-61 (DIB); Tr. at 183, 204-23, 227, 229, 262-74 (SSI).[4]

On August 20, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE").[5] See Tr. at 123-51 (hearing transcript); Tr. at 230, 232 (appointment of representative documents). At the time of the hearing, Plaintiff was forty-six (46) years old. Tr. at 125

---

[3] Both applications were actually completed on May 9, 2019, see Tr. at 320, 321, 325, but the protective filing date for the applications is listed in the administrative transcript as March 15, 2019, see, e.g., Tr. at 152, 163, 184, 204.

[4] Some of these documents cited are duplicates.

[5] Plaintiff consented to a telephonic hearing because of the extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. See Tr. at 30, 127.

(stating Plaintiff's date of birth). On September 2, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 30-48.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief in support of the request. Tr. at 5-6 (Appeals Council exhibit list and order), 316-19 (request for review), 424-48 (brief and attached study summary). On February 27, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On April 26, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues "[t]he ALJ's consideration of [Plaintiff's] credibility and subjective complaints was not sufficient." Joint Memorandum (Doc. No. 36; "Joint Memo"), filed January 26, 2022, at 18. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 33-48. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 22, 2018, the alleged onset date." Tr. at 33 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine;

---

[6]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

torn meniscus left knee status-post partial medial meniscectomy and chondroplasty; osteoarthritis of the right knee; inflammatory arthritis right shoulder; fibromyalgia; migraines and obesity." Tr. at 33 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 40 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except she can frequently operate foot controls with her left lower extremity and frequently pus[h] and pull, reach in all directions, handle and finger with her right dominant upper extremity. [Plaintiff] can frequently balance and stoop; occasionally kneel, crouch, crawl and climb ramps and stairs but never climb ladders, ropes or scaffolds. She can never work in loud or very loud environments; must avoid concentrated exposure to extreme heat, extreme cold, wetness, vibration, pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation and workplace hazards such as moving machinery, moving mechanical parts and unprotected heights. [Plaintiff] requires the use of a cane to ambulate effectively, for balancing while standing still and to transfer between sitting and standing.

Tr. at 41-42 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "childcare worker" and a "babysitter." Tr. at 46 (some emphasis and citation omitted). The ALJ

5

then proceeded to the fifth and final step of the sequential inquiry. Tr. at 46-47. After considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Document preparer," "Tube operator," and "Stuffer." Tr. at 46-47 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from December 22, 2018, through the date of th[e D]ecision." Tr. at 48 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

6

Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating her credibility and subjective complaints of pain. Joint Memo at 18-22. According to Plaintiff, the ALJ essentially relied on "boiler plate type language commonly found in Social Security decisions" and did not "provide explicit reasons for discounting [Plaintiff's] credibility." Id. at 20, 21 (citations omitted). Responding, Defendant contends the ALJ adequately evaluated Plaintiff's subjective complaints, and substantial evidence supports the ALJ's findings. Id. at 22-28.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the

7

objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of

subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[7]

Here, the ALJ did not merely rely on boilerplate language. Rather, the ALJ initially recognized Plaintiff's assertions of how her pain affects her, including allegations of constant body pain; limited physical activities (including sitting, standing, lifting, carrying, and walking); driving only with a family member; no heavy lifting; using a mobile cart at stores; no climbing stairs; migraines causing dizziness; swelling, tingling, and throbbing of the right hand; personal care challenges; drowsiness from medications; using a cane and walker; and limited daily activities. Tr. at 42-43 (citation omitted). The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms"; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects

---

[7] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

9

of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 43.

The ALJ next discussed the medical evidence, finding it showed "conservative treatment" and did not show Plaintiff had "presented to an office visit or emergency department with intractable pain, nor has she required any inpatient treatment for any of her severe impairments." Tr. at 44. The ALJ further found that Plaintiff's "physicians report essentially normal physical examinations at office visits." Tr. at 44 see also Tr. at 33-39 (summarizing medical evidence). The ALJ also found that the information provided by Plaintiff contained "inconsistencies," an indication that the information "may not be entirely reliable." Tr. at 44. The ALJ pointed out that there were not any restrictions placed on Plaintiff by her physicians despite her allegations of disabling pain and symptoms. Tr. at 44. As to Plaintiff's assertions of how her impairments affect her, the ALJ found Plaintiff's "testimony . . . was out of proportion with the objective medical findings." Tr. at 46. The ALJ concluded that Plaintiff's "limitations alleged are neither consistent with nor well supported by the objective medical evidence." Tr. at 46 (citation omitted).

10

Plaintiff does not specifically challenge any of the above subjective complaint findings.[8] The ALJ adequately considered Plaintiff's subjective complaints, and the ALJ's findings are supported by substantial evidence.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 1, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

---

[8] Plaintiff does mention that she has fibromyalgia and contends it is characterized by widespread pain. Joint Memo at 21-22. But, the ALJ was obviously aware of Plaintiff's fibromyalgia, having found it to be severe at step two. Tr. at 33. Later in the Decision, the ALJ reconsidered the fibromyalgia diagnosis and made the finding that "there is no medical evidence of record of exclusion of other reasons for [Plaintiff's] pain symptoms." Tr. at 41 (citation omitted).